LOUIS I. STEVENS vs. WILLIAM HARGRAVES.

PROVIDENCE—OCTOBER 24, 1900.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Garnishment. Assignment of Wages. Fraudulent Assignments.*

The defendant made an assignment of his wages to X., a grocer, at the time owing X. the sum of $5. X. collected the wages of defendant, as they became due, and, after deducting the amount due him at the time, would pay over the balance to defendant. A., a creditor whose claim antedated the assignment, attached the wages of defendant :—

*Held,* that the assignment was void as against the rights of A. Citing *Robinson* v. *McKenna,* 21 R. I. 117, and *Lennon* v. *Parker,* 22 R. I. 43.

(2) *Assignment of Wages. Fraud.*

Where an assignment is fraudulent and void as to an attaching creditor, whether it is valid as between the parties for that portion of the garnished estate exempt by law from attachment, upon the ground that the assignor cannot set up his fraud in avoidance of his contract against his assignee, the court does not decide but *quære.*

(3) *Bill of Exceptions. Clerical Error.*

Upon a bill of exceptions from the ruling of a District Court charging a garnishee, where the ruling is correct in substance the court will not notice a mere clerical error made by the District Court in computing the amount with which the garnishee is chargeable, but will remit the record with instructions for the correction of the error.

ASSUMPSIT on book-account. The case came before the court on exceptions filed by the defendant and by the claimant of the personal estate of the defendant attached in the hands of a third party as trustee. The bill of exceptions was as follows:

"The defendant owed the plaintiff a bill for groceries. He began to trade with the claimant, Carpenter, for cash, but becoming in debt to the amount of about five dollars Carpenter insisted on getting an assignment of the defendant's wages. Carpenter did not know anything about the plaintiff. The defendant made an assignment to Carpenter April 30, 1900. He then owed him about five dollars. On June 7, 1900, plaintiff garnished $22.50 of the wages of the defendant. Carpenter claimed the wages under the assign-

ment.  In the District Court the assignee testified that he or his man had drawn the wages of the defendant; that the assignment was to secure him for groceries that had been provided and which would be provided by him for the defendant's family during the life of the assignment.  Claimant would take the wages and pay himself what was due and hand the balance to defendant.  In answer to a question if he gave the defendant any part of the wages, or any money, he answered : " Yes, perhaps a dollar."  In answer to the question : " Did you give him money to pay his rent ? " he replied : " Perhaps so ; perhaps my clerk did, if he needed it."  At the time of the attachment defendant owed assignee $15.32 for groceries.  The court ruled that the assignment was invalid as a matter of law.  The claimant insisted that it was good, at least so far as his bill for $15.32 was concerned, but the court held otherwise and charged the garnishee for $13.50, because $10 were exempt from attachment.  The defendant claimed that this $10 was not to be considered in the question at all.  The court ruled otherwise, and the defendant and the claimant took exceptions to the rulings of the court."

Heard on exceptions, and exceptions overruled.

TILLINGHAST, J.  The first ruling of the District Court of the Tenth Judicial District, which the defendant and the claimant of the wages excepted to, was in accordance with the decisions of this court in *Robinson* v. *McKenna*, 21 R. I. 117, and *Lennon* v. *Parker*, 22 R. I. 43, and is therefore sustained.

The second ruling excepted to was correct in so far, at any rate, as it had anything to do with the question of charging the garnishee.  The court simply ruled that $10 of the amount disclosed by the garnishee was exempt from attachment under the statute, see Pub. Laws R. I. cap. 751, and that he was chargeable with the balance.  The amount of this balance as fixed by the court, according to the memorandum made by it upon the back of the writ, was $12.92, while according to the bill of exceptions allowed by the court it was $13.50 ; but neither of these amounts is correct.  The

amount disclosed by the garnishee was $22.49, from which, after deducting the $10 exempt from attachment, there remains the sum of $12.49, which was the amount with which the garnishee should have been charged. This being a mere clerical error, however, has nothing to do with the merits of the case.

(2) If, as we understand it, the claimant intended by the second exception, which is somewhat ambiguous in its terms, to ask the court to rule that, even if the assignment was fraudulent and void as to the attaching creditor, still it was valid as between the parties thereto for any sum which could not be reached by the attachment, we are not prepared to say that the position was not well taken as matter of law—upon the ground that the assignor could not be heard to allege or set up his own fraud in avoidance of his own conveyance. But as the only practical question before the court was whether the assignment was fraudulent as against the attaching creditor, there was no occasion for the court to pass upon the further question whether, notwithstanding it was found to be thus fraudulent, it was nevertheless good as to any amount which was secured to the debtor under the statute. In other words, the court was only called upon to decide whether the fund legally attached, which, it must be borne in mind, did not include the $10 referred to, as this amount was not attachable, belonged to Charles F. Carpenter, the assignee of the defendant's wages, or was subject to trustee process in this action. This question the court did decide, and rightly decide, and we must therefore overrule the exceptions.

Exceptions overruled, and case remitted to the District Court for further proceedings, including the correction of the error in computation above referred to.

*Thomas F. Vance*, for plaintiff.

*Hugh J. Carroll*, for defendant and claimant.